**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ROBERT MARTIN,**

    **Plaintiff,**

  **vs.**                                       **Case No. 2:15-cv-2435
Judge Smith
Magistrate Judge King**

**HFC, *et al*.,**

    **Defendants.**

## OPINION AND ORDER

    Plaintiff, a state prisoner, seeks to bring a civil action in this Court without payment of fees or costs. However, the records of this Court reflect that plaintiff has, on three or more occasions while he has been imprisoned, brought an action or an appeal that was dismissed as frivolous or for failure to state a claim on which relief can be granted. *See, e.g., Martin v. Welch*, 2:10-cv-736 (S.D. Ohio Dec. 30, 2010); *Martin v. Ohio Supreme Court*, 2:04-cv-613 (S.D. Ohio Nov. 4, 2004), *aff'd* Case No. 05-3388 (6th Cir. Sept. 27, 2005); *Martin v. Mrs. Lowery*, 2:04-cv-641 (S.D. Ohio Jan. 26, 2005); *Martin v. Lowery*, 2:04-cv-704 (S.D. Ohio Jan. 26, 2005). Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), plaintiff can proceed *in forma pauperis* only if he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to make such a demonstration, the prisoner must allege and persuade the court that the conditions complained of must be real and proximate, and that the danger of serious physical injury

1

must exist at the time the complaint is filed. *Tucker v. Pentrich*, 483 Fed. Appx. 28, 30 (6th Cir. 2012); *Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th Cir. 2008). An allegation that failure to treat a chronic illness or condition resulting in "incremental harm that culminates in a serious physical injury" may be sufficient. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). The denial of medication to treat severe chronic pain has been found to be sufficient to qualify for the exception to §1915(g). *Freeman v. Collins*, 2011 WL 1397594, *6 (S.D. Ohio Apr. 12, 2011).

Plaintiff's tendered *Complaint*, ECF 1-1, alleges that he has been diagnosed with degenerative disc disease, severe narrowing of the spine, three herniated discs, arthritis, and cardiovascular disease. *Complaint*, ¶ 3. Ultram and Neurontin were prescribed for him until October 2014. *Id*. In October 2014, plaintiff alleges, defendant Dr. Harlan discontinued Ultram "arbitrarily" and "without justifiable medical reason . . . ." *Id*. at ¶ 5. Dr. Harlan renewed plaintiff's prescription for Neurontin, *id*., ¶ 6, but in June 2015, defendants Hudson and Gardner – who are not doctors - discontinued that medication "without any jurisdiction to do so." *Id*., at ¶7. Plaintiff asserts claims under the Eighth Amendment for denial of medical care, breach of patient confidentiality, and invasion of privacy. Plaintiff specifically alleges that the discontinuation of prescribed medication for his chronic pain "is likely to cause serious needless suffering showing an unreasonable risk to serious damage to Martin's future health pain and needless suffering." *Id*. at ¶12 [sic].

This Court concludes that the *Complaint* sufficiently alleges "imminent danger of serious physical injury" to overcome the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g). Plaintiff may therefore seek leave to proceed *in forma pauperis* under these circumstances. *Id.*

However, plaintiff's motion for leave to proceed *in forma pauperis* is not accompanied by the required trust fund statement from his institution. *See* 28 U.S.C. § 1915(a)(2). Although plaintiff insists that he need not, under state and federal law, comply with the requirements of the PLRA in this regard, plaintiff has been advised on a number of prior occasions that he is mistaken. *See, e.g., Martin v. Lowery*, Case No. 05-3258 (6th Cir. Sept. 30, 2005); *Martin v. Woods*, 2:12-cv-341, *Report and Recommendation* (S.D. Ohio July 2, 2012).

If plaintiff intends to pursue his motion for leave to proceed *in forma pauperis,* he must provide, within thirty (30) days, an application for leave to proceed without prepayment of fees or costs that complies with the PLRA; in particular, plaintiff must submit the required executed trust fund statement from his institution. *See* 28 U.S.C. § 1915(a)(2). Plaintiff's failure to do so will result in the denial of leave to proceed *in forma pauperis*.

Plaintiff's request that counsel be appointed for him is **DENIED** without prejudice to renewal at a later stage of the proceedings.

June 24, 2015                                          *s/Norah McCann King*
                                                                Norah McCann King
                                                       United States Magistrate Judge

3