IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT MARTIN,**

    **Plaintiff,**

  **vs.**                                  **Case No. 2:15-cv-2435**
                                            **Judge Marbley**
                                            **Magistrate Judge King**

**HFC,** *et al.*,

    **Defendants.**


**REPORT AND RECOMMENDATION**

    Plaintiff, a state prisoner, initiated this civil rights action with a motion for leave to proceed without payment of fees or costs. *Motion for Leave to Proceed* in Forma Pauperis, ECF No. 1. However, that motion was not accompanied by the trust fund statement from his prison institution, as required by the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(a)(2). On June 24, 2015, plaintiff was granted thirty (30) days to file an application that complies with the PLRA: "[I]n particular, plaintiff must submit the required executed trust fund statement from his institution." *Opinion and Order*, ECF No. 2, at p. 2. Plaintiff was also specifically advised that his "failure to do so will result in the denial of leave to proceed *in forma pauperis*." *Id.*[1] Plaintiff has filed an objection to that order, *Objection*, ECF No. 5, which remains pending. This matter is now before the Court on plaintiff's August 3, 2015 *Leave to Proceed in Forma*

---

[1] The Court also found that the *Complaint* alleges "imminent danger of serious physical injury" sufficient to overcome the "three strikes" provision of the PLRA, 28 U.S.C. § 1915(g). *Opinion and Order*, ECF No. 2, pp. 2-3.

1

*Pauperis Do* [sic] *to Indigence, Status Below Poverty Level Attested to in 28 USC 1746 Affidavit Under Penalties for Perjury*, ECF No. 6. This motion is supported by only plaintiff's declaration that his income falls below federal poverty standards. *Affidavit of Poverty*, ECF No. 6, pp. 3-4. Plaintiff has never submitted the prison trust fund certification required by the PLRA.

In his most recent motion, plaintiff insists, once again, that he need not comply with the requirements of the PLRA. Plaintiff is mistaken. *See, e.g., Martin v. Lowery*, Case No. 05-3258 (6th Cir. Sept. 30, 2005); *Martin v. Woods*, 2:12-cv-341, *Report and Recommendation* (S.D. Ohio July 2, 2012).

It is therefore **RECOMMENDED** that plaintiff's motions for leave to proceed without prepayment of fees or costs, ECF No. 1, ECF No. 6, be denied, that plaintiff be granted thirty (30) days to pay the full filing fee, and that plaintiff be advised that his failure to do so will result in the dismissal of the action for want of prosecution.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


August 4, 2015                                      *s/Norah McCann King*
                                                    Norah McCann King
                                         United States Magistrate Judge